IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02406-EWN-CBS

ROBERT E. QUINTANO,
    Applicant,
v.

WARDEN LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO, JOHN SUTHERS,
    Respondents.

## ORDER

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Applicant Quintano's "Motion for Transcripts, Loan of Record, Extension of Time, and Ruling on Counsel" (filed February 14, 2007) (doc. # 12). Pursuant to the General Order of Reference dated December 8, 2006 (doc. # 6) and the memorandum dated February 14, 2007 (doc. # 13), the Motion was referred to the Magistrate Judge.

First, Mr. Quintano requests "Full Transcripts" and "Loan of Record" in order to address Respondents' argument that he did not "comply with certain exhaustion requirements. . . ." Respondents have argued that "only the narrow grounds presented to the [Colorado Court of Appeals]" and alleged in Claim One of the Petition "are properly exhausted." (*See* "Answer to Application for Writ of Habeas Corpus" ("Answer") at pp. 8-10). Attached to Respondents' Answer and served on Mr. Quintano are Appendices A through P, which include the briefs and opinions filed in the state courts. Mr. Quintano may adequately address the issue of exhaustion of his state remedies by reference to the Appendices. Further, there is no provision or funding for copying or providing the original state record to Mr. Quintano.

Next, Mr. Quintano seeks a ruling on his "Application for Appointment of Conflict-Free,

Qualified Counsel." (*See* "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action" (doc. # 1, at p. 5)). "[T]here is no constitutional right to representation by counsel in a habeas corpus proceeding." *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotation marks and citation omitted). The Criminal Justice Act provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). Thus, the court has the discretion to appoint counsel in a habeas proceeding.

"The decision of whether to appoint counsel includes factors such as ‹the likelihood of success on the merits, the complexity of the legal issues raised by the complaint and the ability of the indigent (here, petitioner) to investigate and present the case.'" *Vaughan v. United States*, 647 F. Supp. 826, 827 (S.D.N.Y. 1986) (quoting *Shaird v Scully*, 610 F. Supp. 442, 444 (S.D.N.Y. 1985) (citations omitted)). These factors are similar to the standards utilized for appointment of pro bono counsel in other civil cases. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (In deciding whether to request counsel for an indigent civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims"). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Hill*, 393 F.3d at 1115 (citation omitted).

The court has given careful consideration to Mr. Quintano's request for appointed counsel and to all of the appropriate factors. First, the court has no funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Second, as a *pro se* litigant, Mr. Quintano

is afforded a liberal construction of his papers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Mr. Quintano has thus far adequately presented his position unaided by counsel. Contrary to Mr. Quintano's characterization, this civil action does not "need proper exploration and discovery." Even assuming without deciding that the Petition has merit, the court determines that at this stage of the proceedings the appointment of counsel would not provide a substantial benefit to the court or the parties. The court is within its discretion in declining to request counsel to represent Mr. Quintano.

Finally, the court will grant Mr. Quintano's request for an extension of time of 60 to 90 days to file a traverse.

Accordingly, IT IS ORDERED that:

1. Mr. Quintano's "Motion for Transcripts, Loan of Record, Extension of Time, and Ruling on Counsel" (filed February 14, 2007) (doc. # 12) is GRANTED IN PART AND DENIED IN PART.

2. Mr. Quintano's request "for Transcripts, Loan of Record . . ." is DENIED.

3. Mr. Quintano's request for appointment of counsel is DENIED.

4. Mr. Quintano's "Motion for . . . Extension of Time" of 60 to 90 days to file a traverse is GRANTED. **Mr. Quintano may file his traverse on or before May 1, 2007**.

Dated at Denver, Colorado this 15th day of February, 2007.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge