IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 06-cv-02406-CMA-CBS

ROBERT E. QUINTANO,

    Applicant,

v.

WARDEN LOU ARCHULETA, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Defendants.

## ORDER ADOPTING AND AFFIRMING FEBRUARY 20, 2008 RECOMMENDATION   OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the recommendations by the Magistrate Judge that Plaintiff's Writ of Habeas Corpus be denied and that this civil action be dismissed.

Plaintiff has objected to these recommendations. In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Plaintiff's objections. Based on this review, the Court has concluded that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.

The Court initially questioned the trial court's denial of Plaintiff's request to strike Juror Webb for cause. However, upon research into this issue, the Court concluded that the trial court is granted wide discretion in deciding whether to strike jurors for cause and there is a presumption in habeas cases that the trial judge acted

appropriately. *See Gonzales v. Thomas*, 99 F.3d 978, 986 (10th Cir. 1996) (affirming trial court rulings regarding juror bias in sex assault case and noting that "state court determination as to partiality of individual juror is entitled to presumption of correctness due factual findings").

The mere fact that this Court might have ruled differently had Plaintiff's challenge been in this Court, does not equate to an abuse of discretion by the state trial court. An abuse of discretion "is not merely an error of law or judgment, but an overriding of the law by the exercise of manifestly unreasonable judgment or the result of partiality, bias or ill-will as shown by the evidence or the record of proceedings." *In re Bueno*, 248 B.R. 581, 582 (D. Colo. 2000). Plaintiff has not established such a deviation from the law in this instance. Indeed, as the First Circuit Court of Appeals has noted in dealing with a similar challenge to that made by Plaintiff here, "There are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empaneling of a jury." *United States v. Lowe*, 145 F.3d 45, 49 (1st Cir. 1998) (affirming, in sex assault case, trial court's decision not to strike juror who had previously been sexually assaulted) (quotations omitted); *see also Gonzales*, 99 F.3d at 986 (same); *Amirault v. Fair*, 958 F.2d 1404, 1405 (1st Cir. 1992) (refusing to overturn trial court in sex assault case when juror had "blocked the memory of an unrelated forty-year-old rape"). Moreover, the Court notes that Plaintiff could have used one of his peremptory challenges to dismiss

Juror Webb. The fact that Plaintiff failed to do so indicates that Plaintiff did not view Juror Webb as impossibly biased or otherwise unable to render an impartial decision.

Accordingly,

IT IS ORDERED that the February 20, 2008 Recommendation of United States Magistrate Judge (Doc. # 28) is ACCEPTED and, for the reasons cited therein, Plaintiff's Petition for Writ of Habeas Corpus (Doc. # 3) is DENIED. It is

FURTHER ORDERED that this matter is DISMISSED WITH PREJUDICE.

DATED: November  24 , 2008.

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge